IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, et al. | § | |
| PLAINTIFFS, | § | CIVIL ACTION 4:07:CV-02796 |
| VS. | § | |
| | § | JUDGE LEE H. ROSENTHAL |
| HUNTSMAN CORPORATION and INTERNATIONAL RISK INSURANCE COMPANY | § | |
| DEFENDANTS | § | |

---

# DEFENDANT INTERNATIONAL RISK INSURANCE COMPANY'S MOTION TO DISMISS

ORAL ARGUMENT REQUESTED

---

**TABLE OF CONTENTS**

**Page**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING..............1

ISSUES TO BE RULED ON BY THE COURT AND STANDARD OF REVIEW.......2

SUMMARY OF THE ARGUMENT ........................................................ 3

FACTUAL BACKGROUND...............................................................4

ARGUMENT.......................................................................................7

I. PLAINTIFFS' CLAIM FOR ARBITRATION SHOULD BE DISMISSED.

A. Dismissal of Plaintiffs' Claim to Compel Arbitration Is Proper Pursuant to Federal Rule of Civil Procedure 12(b)(1) for Lack of Subject Matter Jurisdiction.......................................................................7

1. The court is divested of subject matter jurisdiction because the Plaintiff's claim is not ripe..................................................8

2. The Court is divested of subject matter jurisdiction because Plaintiffs' do not have standing to bring their claim. ........................11

B. Dismissal of Plaintiffs' Claim for Compelling Arbitration Is Proper Pursuant to 12(b)(6) because the Plaintiffs Have Not Stated a Claim in Their Complaint for Which Relief Can Be Grated..................................12

II. PLAINTIFFS' CLAIM FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE THE ISSUES ARE NOT RIPE FOR ADJUDICATION AND SUCH DECLARATORY RELIEF IS CONTRARY TO THE DISPUTE RESOLUTION PROVISIONS IN THE REINSURANCE CERTIFICATES............................................14

PRAYER..........................................................................................15

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1986)....2

*Cole v. Gen. Motors Corp.*, 484 F.3d 717 (5th cir. 2007) ....11

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)....3, 13

*Cramer v. Skinner*, 931 F2d 1020 (5th Cir. 1991)....8

*Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 119 S. Ct. 1661, 1436 L. Ed. 2d 839 (1999)....2, 13

*Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998)....8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)....11

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2002)....14

*Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981)....2

*R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005)....2

*Shields v. Norton*, 289 F.3d 832 (5th Cir. 2002)....8, 14

*Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed 2d 1 (2002)....12, 13

*Texas v. United States*, 523 U.S. 296, 140 L. Ed.2d 406, 118 S. Ct. 1257 (1998)....8, 9

*United States v. Carmichael*, 343 F.3d 756 (5th Cir. 2003)....8, 9

*United Transp. Union v. Foster*, 205 F.3d 851 (5th Cir. 2000)....8

*Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345 (5th Cir. 1989)....8, 11

**FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)(1)....passim

Fed. R. Civ. P. 12(b)(6)....passim

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ACE AMERICAN INSURANCE COMPANY, et al.** | § § § | |
| **PLAINTIFFS,** | § | **CIVIL ACTION 4:07:CV-02796** |
| **VS.** | § § § § | **JUDGE LEE H. ROSENTHAL** |
| **HUNTSMAN CORPORATION and INTERNATIONAL RISK INSURANCE COMPANY** | § § § § | |
| **DEFENDANTS** | § | |

**INTERNATIONAL RISK INSURANCE COMPANY'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW International Risk Insurance Company (hereinafter "IRIC"), Defendant herein, and files this, its Motion to Dismiss Plaintiffs' Complaint to Compel Arbitration, Alternatively, Complaint for Declaratory Judgment, and as support therefore would respectfully show unto the Court the following:

**STATEMENT AND NATURE AND STAGE OF THE PROCEEDING**

The Plaintiffs in this matter filed a complaint requesting the court to compel arbitration or, in the alternative, to request declaratory relief. No Defendant has submitted an answer to Plaintiffs' complaint; however, Defendant Huntsman Corporation has filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). This is a motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ISSUES TO BE RULED ON BY THE COURT AND STANDARD OF REVIEW

The issues to be ruled upon by the court in this motion are (1) whether this Court has subject matter jurisdiction over Plaintiffs' claim to compel arbitration, (2) whether Plaintiffs have stated a claim for arbitration upon which relief can be granted and (3) whether this Court has subject matter jurisdiction over Plaintiffs' claim for declaratory judgment.

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a claim for lack of subject matter jurisdiction. The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When the defendant makes a facial attack by the mere filing of a 12(b)(1) motion to dismiss, the trial court looks to the sufficiency of the plaintiff's allegations, which are presumed to be true. *Id.* However, when the defendant makes a factual attack by providing evidence challenging the court's jurisdiction, the court may consider the complaint as well as any undisputed or disputed facts contained in the record. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). If a factual attack is made, the plaintiff has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Paterson* at 521.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff has failed to state a claim upon which relief can be granted. The court must assume that all material facts contained in the complaint are true. *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 634, 119 S. Ct. 1661, 1436 L. Ed. 2d 839 (1999). The court must also indulge all inference in favor of the Plaintiff. *R2 Invs. LDC v. Phillips*, 401 F.3d 638,

645 (5th Cir. 2005). However, conclusory allegations of law and inferences unsupported by facts in the complaint are not sufficient to defeat a 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

**SUMMARY OF THE ARGUMENT**

Plaintiffs have come before this Court requesting the Court to compel IRIC and Huntsman Corporation (hereinafter "Huntsman") to arbitrate pursuant to an agreement entered into between IRIC and Plaintiffs and, in the alternative, that the Court make a declaratory ruling as to coverage issues pertaining to an insurance policy entered into between IRIC and Huntsman (hereinafter "the Huntsman Policy").

Plaintiffs' claim to compel arbitration is not properly before this Court as the issue of arbitration is not ripe for adjudication. The claim for arbitration is speculative and base upon facts not yet in existence, and, as such, the claim is not yet ripe. Plaintiffs' failure to present a ripe claim to the court subjects the claim to dismissal under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiffs' claim to compel arbitration is also not properly before this Court as Plaintiffs' lack the constitutional requirement of standing to bring its claim. Plaintiffs' failure to state an injury in fact in their complaint that is neither conjecture nor hypothetical strips them of the standing and subsequently of subject matter jurisdiction. Without subject matter jurisdiction the Court may properly dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1).

Additionally, Plaintiffs' claim to compel arbitration is not properly before this Court as Plaintiffs' have not stated a claim for which relief can be granted that is not based upon mere conclusions of law or inference. Plaintiffs' failure to state such a claim

on the face of their complaint subjects the claim to dismissal pursuant to Federal Rules of Procedure 12(b)(6).

Plaintiffs' claim for declaratory judgment cannot properly be heard by this Court because the claim is not ripe for review as the claim is reliant upon speculation and upon facts currently unknown and that possibly may never develop. Plaintiffs' failure to bring a justiciable issue before this court subjects the claim to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Therefore, Plaintiffs' Complaint to Compel Arbitration, Alternatively, Complaint for Declaratory Judgment should be dismissed in its entirety.

**FACTUAL BACKGROUND**

Defendant, IRIC, is a captive insurance company which is organized to insure its owner Huntsman and any additionally named insureds against liability. An insurance policy was issued by IRIC to Huntsman effective July 1, 2005 to July 1, 2006 that insured against all risks of direct physical loss of or damage occurring during the policy period, including damage to real and personal property and loss due to business interruption.

IRIC subsequently reinsured its obligations to Huntsman and the additional insureds under the Huntsman Policy through the execution of Reinsurance Certificates with other insurance companies (hereinafter the "Reinsurers"), including, but not limited to, Plaintiffs herein. The Reinsurance Certificates define the relationship and duties between IRIC and the Reinsurers. (Exhibit A, Exemplar Reinsurance Certificate). The Reinsurance Certificates specifically state that the Reinsurers are to "follow the liabilities" of IRIC to Huntsman arising from the Huntsman policy. (Exhibit A, pg. 2, section C 1, paragraph 1). Thus, it is not until such time as the liabilities arising under

the Huntsman Policy have been established that the liability of the Reinsurers to IRIC arising under the Reinsurance Certificates can be determined or even accurately hypothesized. Thus, without a determination of IRIC's liability under the Huntsman Policy, any determination of the liability of the Reinsurers under the Reinsurance Certificate is mere speculation.

The Reinsurance Certificates contain a dispute resolution clause which has been asserted by Plaintiffs as a basis of the action currently before this Court. The pertinent portion of the dispute resolution is as follows:

> Where any dispute between the parties arising out of or in connection with this Agreement including formation and validity and whether arising during or after the period of this Agreement has not been settled through negotiation, both parties agree to try in good faith to settle such dispute by non binding [sic] mediation, <u>before</u> resorting to arbitration in the manner set out below.

(Exhibit A, pg. 5, section C 13, paragraph 1) (emphasis added). Thus, if a dispute arises between IRIC and the Reinsurers in connection with the Reinsurance Certificates, that dispute will be governed by dispute resolution provision above. The applicability of this clause, however, is necessarily contingent upon a finding of liability against IRIC under the Huntsman policy. Until such time as IRIC's liability is established there is no ripe issue to negotiate, mediate or arbitrate.

If such a ripe dispute should arise, the reinsurance certificates clearly show the progression of dispute resolution agreed upon by IRIC and the Reinsurers. *Id.* The intent of the Reinsurance Certificates was to first address any disputes through negotiation. *Id.* In the event that negotiation was unsuccessful, IRIC and the Reinsurers were to submit to non-binding mediation. *Id.* Then, and only then,

if negotiation and mediation failed to resolve the, IRIC and the Reinsurers were to submit to arbitration. *Id.*

On April 29, 2006, a fire occurred at Huntsman Petrochemical Corporation's Aromatics & Olefins Plant in Port Arthur, Texas causing significant damage to the plant. Huntsman Petrochemical Corporation is a wholly owned subsidiary of Huntsman and a named insured under the Policy.

A provision in the Huntsman Policy provides for one of a number of independent adjusters listed in the Policy to be chosen to assess possible claims arising under the Policy. In May of 2006, an adjuster, Integra Technical Service, Ltd. (hereinafter "Integra") was chosen by IRIC and Huntsman and accepted by the Reinsurers. During the ongoing adjustment process, Huntsman submitted its initial proofs of loss to IRIC and Integra. These initial proofs of loss were subsequently accepted by both Integra and the Reinsurers, and the Reinsurers paid a partial payment in the amount of $305 million. On July 18, 2007, Huntsman submitted another proof of loss to IRIC and Integra for $45 million. The Reinsurers dispute the $45 million proof of loss.

On September 21, 2007, IRIC was presented with a demand from Huntsman requesting payment of certain claims allegedly covered under the Huntsman Policy. This request was rejected by IRIC. In response, Huntsman filed suit in Jefferson County, Texas wherein Huntsman alleges breach of contract and anticipatory breach of contract against IRIC and seeks a declaratory judgment on particular coverage issues under the Policy, including the coverage issues for which Plaintiffs herein seek declaratory action. (Exhibit B, Huntsman Corporation's Original Petition).

The Reinsurance Certificates provide that the Reinsurers are given the opportunity to involve themselves with the settlement of any claim or loss affecting the agreement as well as the opportunity to associate with IRIC in the investigation, defense and/or control of any claim affecting the agreement. (Exhibit A, pg. 3, section C 6, paragraph 1). IRIC will fully honor its obligations under that provision. Thus, although there is no ripe issue regarding the liability of the Reinsurers, the Reinsurers will be afforded the opportunity to protect any and all interests they may have with respect to Huntsman's action filed in Jefferson County, Texas by participating in the defense of the claims asserted by Huntsman.

The liability of IRIC to Huntsman, if any, is presently unknown and will remain unknown until such time as the Jefferson County lawsuit has been resolved. At that point, the Reinsurers' liability will be ripe for determination.

Once IRIC's liability is established, should any dispute still remain, the Dispute Resolution Clause of the Reinsurance Certificates will be applicable. Even at that point, however, per the Reinsurance Certificates, the issue of arbitration will not be ripe until IRIC and the Reinsurers have engaged in and failed to reach a resolution through negotiation and mediation.

## ARGUMENT

### I. PLAINTIFFS' CLAIM FOR ARBITRATION SHOULD BE DISMISSED.

#### A. Dismissal of Plaintiffs' Claim to Compel Arbitration Is Proper Pursuant to Federal Rule of Civil Procedure 12(b)(1) for Lack of Subject Matter Jurisdiction.

When a court lacks statutory or constitutional power to adjudicate a claim, the claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule of

Civil Procedure 12(b)(1). *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Constitutionally, for a court to possess subject matter jurisdiction over a claim, the claim must ripe for adjudication and the party asserting the claim must have standing to bring such a claim. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Plaintiffs herein have neither presented this court with a claim ripe for adjudication nor have they established standing to even bring such a claim. Without a showing of ripeness and standing, this court lacks of subject matter jurisdiction to hear Plaintiffs' claim and must dismiss the claim pursuant to Federal Rules of Civil Procedure 12(b)(1). *Homebuilders* at 1010; *Cramer v. Skinner*, 931 F2d 1020, 1025 (5th Cir. 1991).

**1. The court is divested of subject matter jurisdiction because the Plaintiffs' claim is not ripe.**

The constitutional doctrine of ripeness requires that a claim presented to the courts be neither premature nor speculative. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). Accordingly, a claim fails for ripeness if "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Carmichael*, 343 F.3d 756, 762 (5th Cir. 2003) *citing Texas v. United States*, 523 U.S. 296, 300, 140 L. Ed.2d 406, 118 S. Ct. 1257 (1998). Plaintiffs' claim for arbitration is not ripe because it is premature and dependent upon future events, the outcome of which would have to be speculated.

First, there has been no finding that IRIC is liable to Huntsman, and, thus, no determination of the Reinsurers' liability to IRIC can be contemplated without

speculation. The Reinsurers' liability follows IRIC's liability to Huntsman. (Exhibit A. pg. 2, section C 1, paragraph 1; Exhibit B).

Plaintiffs seek to compel IRIC to arbitrate disputes regarding the Reinsurers' liability under the Huntsman Policy for damages sustained in the April 29, 2006 fire at Huntsman's plant in Port Arthur, Texas. However, the predicate determination of IRIC's liability under the Huntsman Policy has not be made and is currently being litigation in Jefferson County, Texas. Only once IRIC's liability is established will the coverage issues Plaintiffs' request to arbitrate be ripe. Until such time, there is no coverage dispute between IRIC and the Reinsurers. Accordingly, any decision by this Court to compel arbitration would rest "upon contingent future events [finding IRIC liable under the Huntsman Policy] that may not occur as anticipated, or indeed may not occur at all." *United States v. Carmichael*, 343 F.3d 756, 762 (5th Cir. 2003) *citing Texas v. United States*, 523 U.S. 296, 300, 140 L. Ed.2d 406, 118 S. Ct. 1257 (1998). As Plaintiffs' claim for arbitration is not ripe, this Court is precluded from exercising subject matter jurisdiction over the claim. Therefore, dismissal of the claim pursuant to Federal Rule of Civil Procedure 12(b)(1) as requested by IRIC is proper.

Second, Plaintiffs seek to enforce a contractual provision to arbitrate that is unmistakably dependent upon conditions precedent that have not yet occurred and which would require the Court to speculate as to their outcome. Plaintiffs' assert in their Motion to Compel Arbitration that the dispute resolution provision in the Reinsurance Certificates is "valid and enforceable." *See* Plaintiffs' Complaint to Compel Arbitration, Alternatively, Complaint for Declaratory Judgment pg 8 paragraph 39. However,

Plaintiffs have failed to adhere to the agreement that they themselves claim to be valid and enforceable. The first paragraph of the arbitration provision states:

> Where any dispute between the parties arising out of or in connection with this Agreement including formation and validity and whether arising during or after the period of this Agreement **has not been settled through negotiation, both parties agree to try in good faith to settle such dispute by non binding [sic] mediation, before resorting to arbitration** in the manner set out below.

(Exhibit A, pg. 5, section C 13, paragraph 1) (emphasis added). Arbitration cannot occur between IRIC and the Reinsurers until they have engaged in negotiation and mediation. Prior to the exhaustion of the conditions precedent to arbitration, negotiation and mediation, the Court can do nothing but speculate as to the need for arbitration as the need for arbitration is dependant upon the failure of negotiation and mediation. Plaintiffs have not alleged that IRIC has failed to negotiate or mediate the dispute for which they ask this Court to compel arbitration to resolve.

Plaintiffs cannot constitutionally request this Court to compel arbitration just in case negotiation or mediation does not effectuate a resolution between IRIC and the Reinsurers. The request is speculative and determinate upon unknown facts. The only proper time for Plaintiff to assert such a claim to compel IRIC to arbitrate would be if the negotiation or mediation it requested fails, and then only if IRIC refuses to arbitrate. A claim to compel arbitration prior to the occurrence of such events is not ripe for adjudication. Therefore, IRIC's Motion to Dismiss Plaintiffs' Complaint to Compel Arbitration should be granted, as the constitutional requisite of ripeness cannot be established.

**2. The Court is divested of subject matter jurisdiction because Plaintiffs' do not have standing to bring their claim.**

At the minimum, to have standing to bring a claim a plaintiff must establish three elements in its complaint. *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721-22 (5th Cir. 2007) citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). First, the plaintiff must show that they have suffered an injury in fact. *Id.* An injury in fact consists of a legally protected interest which is (1) concrete and particularized and (2) actual or imminent rather than conjectural or hypothetical. *Id.* Second, the plaintiff must be able to demonstrate a causal connection between the injury and the conduct of which it complains. *Id.* Third, it must be likely that the can be redressed by a favorable decision of the court. *Id.*

As the first element of standing requires a finding of an injury in fact and the latter elements clearly necessitate a positive outcome on that element, IRIC will merely address the first element of standing as there is clear evidence that no injury in fact can be shown. As noted above, an injury in fact cannot be conjectural or hypothetical. However, no injury can be alleged by Plaintiffs that is not based upon conjecture or the implementation of a hypothetical situation.

Plaintiffs have failed to allege any injury on the face of their complaint, a fact which is sufficient in itself to deny their standing. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). However, even ignoring this fact, any injury claimed by the Plaintiffs in this case would be purely speculative and hypothetical and thus insufficient to support their standing to bring a claim before this Court.

First, as is explained above, there has been no finding of whether Huntsman's claims are covered under the Huntsman Policy. Accordingly, no liability has been

attributed to the Reinsurers at this point. Plaintiffs cannot claim that they have suffered an injury because they have not been able to arbitrate their liability under insurance claims that have not yet been substantiated. Such an injury is merely the Plaintiffs' speculation as to the outcome of the finding of coverage.

Second, IRIC and Plaintiffs are contractually required to both engage in negotiations and mediation prior to resorting to arbitration. (Exhibit A, pg. 5, section C 13, paragraph 1). Neither negotiation nor arbitration has taken place between IRIC and the Reinsurers. Any injury which Plaintiffs could seek to redress through a motion to compel arbitration, would be those resulting in the failure of IRIC to engaged in arbitration. Plaintiffs cannot complain of some unknown injury that may result should negotiation or mediation fail.

Therefore, as no injury in fact is alleged on the face of Plaintiffs' complaint nor can any injury in fact be liberally construed from the complaint that is neither conjecture nor hypothetical, dismissal of Plaintiffs' Motion to Compel Arbitration pursuant to 12(b)(1) for lack of standing is proper.

**B. Dismissal of Plaintiffs' Claim for Compelling Arbitration Is Proper Pursuant to 12(b)(6) because the Plaintiffs Have Not Stated a Claim in Their Complaint for Which Relief Can Be Grated.**

Federal Rules of Civil Procedure 12(b)(6) permits a party to make a motion challenging whether a complaint has stated a claim upon which relief can be granted. A Court may dismiss a complaint under 12(b)(6) if it is clear that no relief could be granted under any set of facts that proved consistently with the allegations. *Swierkiewicz v. Sorema*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed 2d 1 (2002). A 12(b)(6) motion is to be decided solely upon the allegations made in the Plaintiffs' complaint and under the

assumption all material facts contained in the complaint are true. *See Id.*; *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 634, 119 S. Ct. 1661, 1436 L. Ed. 2d 839 (1999). However, conclusory allegations of law and inferences unsupported by facts in the complaint are not sufficient to defeat a 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

First, as explained above, there has been no finding of whether Huntsman's claims are covered under the Huntsman Policy. Accordingly, no liability has been attributed to the Reinsurers at this point. The relief Plaintiffs seek is for this Court compel IRIC to arbitrate coverage issues under the Huntsman Policy and determine the extent of Plaintiffs' liability. The Court cannot grant the relief sought by Plaintiffs' because there is no relief yet to be had as no liability has yet been attributed to Plaintiffs. At this time there is no dispute to arbitrate, nor may there ever be.

Second, while Plaintiffs' request in their motion that the court to compel IRIC to participate in arbitration, the face of Plaintiffs' complaint shows that the contractually agreed upon procedure required prior to arbitration has not been fulfilled. While Plaintiffs state that they have requested that IRIC enter mediation before the start of the arbitration proceedings[1], they offer no evidence nor assertion that that request has been denied or that mediation has been unsuccessful and thus arbitration is warranted. *See* Plaintiffs' Motion to Compel Arbitration, Alternatively, Motion to Dismiss pg. 11 paragraph 45. Plaintiffs merely state that the request has been made to IRIC and nothing

[1] IRIC does not concede that at the point of filing their complaint Plaintiffs had attempted negotiation or mediation with IRIC, however, in regard to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), all assertions in the complaint are taken as true. *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 634, 119 S. Ct. 1661, 1436 L. Ed. 2d 839 (1999).

further, allowing the reader to incorrectly infer that the request was received and subsequently denied.

The reinsurance certificates contractually require IRIC and the Reinsurers to engage in negotiation and then, if unsuccessful, to engage in mediation prior to resorting to arbitration. (Exhibit A, pg. 5, section C 13, paragraph 1). Plaintiffs have not shown in their complaint that the conditions precedent to arbitration have been fulfilled nor have they shown that IRIC has rejected to honor those conditions precedent. Thus the claim to compel IRIC to arbitration is based upon inference and is not a claim upon which relief can be granted.

Therefore, as Plaintiffs have not presented a claim to compel arbitration to this Court upon which relief can be granted, dismissal of their Complaint to Compel Arbitration pursuant to Federal Rules of Civil Procedure 12(b)(6) is proper.

**II. PLAINTIFFS' CLAIM FOR DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE THE ISSUES ARE NOT RIPE FOR ADJUDICATION AND SUCH DECLARATORY RELIEF IS CONTRARY TO THE DISPUTE RESOLUTION PROVISIONS IN THE REINSURANCE CERTIFICATES.**

The Reinsurers' claims for declaratory relief against IRIC should be dismissed because there is simply no ripe claim or issue for adjudication between IRIC and the Reinsurers. It is well-settled that a declaratory action must be ripe to be justiciable, and such an action is ripe only if an actual controversy exists between the parties. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2002) (unless an actual controversy exists between the parties, a district court lacks subject matter jurisdiction to decide a declaratory judgment action). Under the terms and conditions of the Reinsurance Certificates, the Reinsurers are to "follow the

liabilities" of IRIC arising from the Huntsman policy. (Exhibit A, pg. 2, section C 1, paragraph 1). As discussed above, there have been no liabilities established arising under the Huntsman Policy. Accordingly, without a finding of IRIC's liability under the Huntsman Policy, any determination of the liability of the Reinsurers under the Reinsurance Certificate is mere speculation and not ripe for adjudication.

In addition, the Reinsurers' declaratory judgment claims against IRIC should be dismissed because the claims were initiated in contravention of the express provisions of the Reinsurance Certificates. As discussed above, if and when any liability is established between Huntsman and IRIC with respect to the Huntsman Policy, and if there is an actual dispute between IRIC and the Reinsurers with respect to reinsurance under the Reinsurance Certificates, then the dispute resolution provisions of the Reinsurance Certificates will be implicated. These dispute resolution provisions explicitly contemplate a process of negotiation, followed by mediation and then arbitration.[2]

Accordingly, there is no basis under the Reinsurance Certificates or otherwise that provide that the Reinsurers can sue IRIC in Court for a determination of the Reinsurers' obligations to IRIC.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, International Risk Insurance Company requests that Plaintiffs' Complaint to Compel Arbitration be

[2] Under the terms and conditions of the Reinsurance Certificates, the "Service of Suit Clause" provides IRIC with the power and option to have any of its claims against the Reinsurers resolved in a court, of IRIC's choosing, of competent jurisdiction in the United States. (Exhibit A, Attachment D). This contractual right of IRIC constitutes an alternative method of resolving disputes other than through the aforementioned dispute resolution mechanism. Notably, the "Service of Suit Clause" does not provide any such substantive rights to the Reinsurers. *Id.*

dismissed, that Plaintiffs' alternative Complaint for Declaratory Judgment also be dismissed, and that Defendant be afforded all other relief to which it is entitled.

Respectfully submitted,

LAW OFFICE OF DAVID E. BERNSEN, P.C.

DAVID E. BERNSEN
TX Bar No. 02217500
SD TX Bar No.83425
LAW OFFICE OF DAVID E. BERNSEN, P.C.
P. O. Box 822
Beaumont, Texas 77704
Phone Number (409) 832-1957
Facsimile Number (409) 832-2211

**Attorney-in-Charge for Defendant,**
International Risk Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing Motion to Dismiss, in its' entirety, has been served upon all counsel of record on this 27th day of September, 2007.

DAVID E. BERNSEN