IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, *et al.*, § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 07-2796 |
| § | |
| HUNTSMAN CORPORATION and INTERNATIONAL RISK INSURANCE COMPANY, § § § § | |
| Defendants. § | |

**ORDER STAYING ACTION**

Plaintiffs Ace American Insurance Company; AIG Casualty Company f/k/a Birmingham Fire Insurance Company of Pennsylvania; Allianz Global Risks US Insurance Company; Arch Reinsurance Company of Nebraska; AXIS Specialty Limited Bermuda; Limit No. 2, Ltd.; Commonwealth Insurance Company; HDI Industrie Versicherung AG; Simon Andrew White as Lead Underwriter for Heritage Syndicate 1200 ROC at Lloyd's, in his Individual Capacity; R. J. Kiln & Company, Ltd.; Cathedral Underwriting, Ltd.; Munich Reinsurance Company; Partner Reinsurance Company, Ltd.; SCOR UK Company, Ltd.; Wurttembergische Versicherung AG; and Zurich American Insurance Company (collectively, "Reinsurers"), and Defendants Huntsman Corporation ("Huntsman") and International Risk Insurance Company ("IRIC") have entered into a joint stipulation. In this stipulation, these parties agreed to request a stay of this civil action, with the court maintaining limited jurisdiction relating to the parties' agreed arbitration, to the extent permitted by the applicable rules and case law, the Federal Arbitration Act, and the New York

Convention. Pursuant to that stipulation, this court enters the following order:

1. Under 9 U.S.C. § 3, the litigation of this action is stayed. That stay is subject to this court's limited jurisdiction over the matters set out below, relating to the arbitration to be conducted under the Settlement Agreement and Arbitration Submission Agreement dated December 29, 2008 ("Agreement"). A copy of the Agreement is attached as Exhibit A to the parties' Joint Stipulation Requesting Stay of Action and is incorporated into this order. The litigation stay and this court's limited jurisdiction will continue until that arbitration is concluded, the final arbitration decision is issued, and any final arbitration award is confirmed or vacated, or until this court orders otherwise.

2. This court will maintain limited jurisdiction over this suit as specified below. This court's jurisdiction is subject to, and will be exercised only to the extent permitted by, the Federal Arbitration Act, the New York Convention, the applicable rules, and the case law. This court will retain jurisdiction to:

    (i) enforce the Agreement, including by compelling arbitration under the Agreement;

    (ii) require issuance or service of, and/or compliance by the Reinsurers and/or Huntsman or any witness with, subpoenas relating to the arbitration;

    (iii) hear and decide applications to vacate, modify, correct, or confirm the final decision of the arbitration panel and, if confirmed, enter final judgment;

    (iv) rule on motions to enforce or confirm interim orders and awards issued by the arbitration panel;

    (v)  enter orders necessary to enforce the final decision of the arbitration panel; and

    (vi)  hear and decide disputes relating to the arbitrator-selection process, including objections to arbitrators named by either side, as provided for in paragraphs 9.2 and 9.8 of the Agreement.

3.  The parties are to notify this court in writing every 90 days, beginning on May 1, 2009, of the status of the arbitration. In addition, the parties are to notify the court in writing of the issuance of the final decision of the panel no later than 14 days after the decision is issued.

4.  Reinsurers, Huntsman, and IRIC will each bear their own fees and court costs.

  SIGNED on February 19, 2009, at Houston, Texas.

              _____
                Lee H. Rosenthal
               United States District Judge